> **Fill in this information to identify the case:**
>
> United States Bankruptcy Court for the:
>
> _____ District of Delaware
> (State)
>
> Case number *(if known):* _____ Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | True Health Group LLC |

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

_____

**3. Debtor's Federal Employer Identification Number (EIN)**

81-2339158

**4. Debtor's address**

**Principal place of business**

3803 Parkwood Blvd., Suite 400
Number    Street

_____

Frisco, TX 75034
City        State    ZIP Code

Collin County, Texas
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City        State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____

_____
City        State    ZIP Code

**5. Debtor's website (URL)**

truehealthdiag.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor      <u>True Health Group LLC</u>      Case number (if known) _____
              Name

**7. Describe debtor's business**

A. *Check one:*

- ☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>6215</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No
- ☐ Yes. District _____ When _____ Case number _____
                                  MM / DD / YYYY
  District _____ When _____ Case number _____
                                  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☒ Yes. Debtor <u>See attached Rider</u>    Relationship <u>Affiliate</u>
  District <u>Delaware</u>    When <u>07/30/2019</u>
                                        MM / DD / YYYY
  Case number, if known _____

Debtor    True Health Group LLC          Case number (if known) _____
          Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

                          _____

                          _____
                          City                         State      ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

           Contact name    _____

           Phone           _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49              ☐ 1,000-5,000           ☐ 25,001-50,000
☐ 50-99             ☐ 5,001-10,000          ☐ 50,001-100,000
☐ 100-199           ☐ 10,001-25,000         ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☒ $0-$50,000            ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000     ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☐ $100,000,001-$500 million     ☐ More than $50 billion

| Debtor | True Health Group LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/30/2019
              MM / DD / YYYY

✖  /s/ Clifford A. Zucker                          Clifford A. Zucker
Signature of authorized representative of debtor    Printed name

Title Chief Restructuring Officer

**18. Signature of attorney**

✖  /s/ Derek C. Abbott          Date   07/30/2019
Signature of attorney for debtor        MM / DD / YYYY

Derek C. Abbott
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 N. Market St., 16th Floor
Number      Street

Wilmington                          DE        19801
City                                State     ZIP Code

(302) 658-9200                      dabbott@mnat.com
Contact phone                       Email address

3376                                DE
Bar number                          State

**RIDER**

**PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES**

On July 30, 2019, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
| --- | --- |
| THG Holdings LLC | 82-5308292 |
| True Health Group LLC | 81-2339158 |
| True Health Diagnostics LLC | 46-5219452 |
| Outreach Management Solutions LLC | 81-2339424 |
| True Health Clinical LLC | 37-1825272 |
| Health Core Financial LLC | 30-0936614 |
| True Health IP LLC | 36-4835427 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| THG Holdings LLC, *et al.*, | Case No. 19-_____ (___) |
| Debtors.[1] | Joint Administration Requested |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

The above-captioned debtors and debtors in possession (the "Debtors") make this statement under rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure. The Debtors are each directly or indirectly wholly owned by debtor THG Holdings LLC. The following entities own 10% or more of a class THG Holdings LLC's membership interests.

- RSCF I Blockier True Health LLC (Class A Common Units)

- RSCF I-A Blocker True Health LLC (Class A Common Units)

- CLG Investments (Class B Common Units)

- Covert Investment Operations, LLC (Larry Rick Covert) (Class B Common Units)

- LCG Ventures II, LLC (Class B Common Units)

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal EIN, are as follows: THG Holdings LLC (8292); True Health Group LLC (9158); True Health Clinical LLC (5272); True Health Diagnostics LLC (9452); True Health IP LLC (5427); Outreach Management Solutions LLC d/b/a True Health Outreach (9424); Health Core Financial LLC d/b/a True Health Financial (6614). The Debtors' mailing address is 3803 Parkwood Blvd., Suite 400, Frisco, Texas 75034.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| THG Holdings LLC, *et al.*, | Case No. 19-_____ (___) |
| Debtors.[1] | Joint Administration Requested |

## CONSOLIDATED LIST OF EQUITY SECURITY HOLDERS

The above-captioned debtors and debtors in possession (the "Debtors") provide

this list of equity security holders for each Debtor under rule 1007(a)(3) of the Federal Rules of

Bankruptcy Procedure.

| THG Holdings LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Number of Units Held** |
| Christopher Grottenthaler | On file with Epiq | Class A- Common Unit | 6082.94100 |
| FIO THG LLC | 1000 Lakeside Avenue Cleveland, OH  44114 | Class A- Common Unit | 1773.03953 |
| L. Richard Covert | On file with Epiq | Class A- Common Unit | 1654.41315 |
| MB PE V THG LLC | 1000 Lakeside Avenue Cleveland, OH  44114 | Class A- Common Unit | 2001.81882 |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtors' federal EIN, are as follows: THG Holdings LLC (8292); True Health Group LLC (9158); True Health Clinical LLC (5272); True Health Diagnostics LLC (9452); True Health IP LLC (5427); Outreach Management Solutions LLC d/b/a True Health Outreach (9424); Health Core Financial LLC d/b/a True Health Financial (6614). The Debtors' mailing address is 3803 Parkwood Blvd., Suite 400, Frisco, Texas 75034.

| THG Holdings LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Number of Units Held** |
| Monroe Capital CLO 2014-1 Blocker, LLC | c/o Monroe Capital LLC 311 South Wacker Drive Suite 6400 Chicago, Illinois 60606 Attention: Matt Lane Facsimile: (312) 258-8350 E-mail: mlane@monroecap.com | Class A- Common Unit | 184.13765 |
| Monroe Capital MML CLO 2016-1 Issuer Subsidiary 1, Inc. | c/o Monroe Capital LLC 311 South Wacker Drive Suite 6400 Chicago, Illinois 60606 Attention: Matt Lane Facsimile: (312) 258-8350 E-mail: mlane@monroecap.com | Class A- Common Unit | 184.13765 |
| Monroe Capital Private Credit Fund I LP | c/o Monroe Capital LLC 311 South Wacker Drive Suite 6400 Chicago, Illinois 60606 Attention: Matt Lane Facsimile: (312) 258-8350 E-mail: mlane@monroecap.com | Class A- Common Unit | 566.80969 |
| Monroe Capital Private Credit Fund II (Unleveraged) LP | c/o Monroe Capital LLC 311 South Wacker Drive Suite 6400 Chicago, Illinois 60606 Attention: Matt Lane | Class A- Common Unit | 139.12470 |
| Monroe Capital Private Credit Fund II LP | c/o Monroe Capital LLC 311 South Wacker Drive Suite 6400 Chicago, Illinois 60606 Attention: Matt Lane Facsimile: (312) 258-8350 E-mail: mlane@monroecap.com | Class A- Common Unit | 1023.75846 |

| THG Holdings LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Number of Units Held** |
| Monroe Capital Private Credit Fund II-O Equity Holdings, LLC | c/o Monroe Capital LLC 311 South Wacker Drive Suite 6400 Chicago, Illinois 60606 Attention: Matt Lane Facsimile: (312) 258-8350 E-mail: mlane@monroecap.com | Class A-Common Unit | 159.67277 |
| Monroe FCM Direct Loan Fund LP | c/o Monroe Capital LLC 311 South Wacker Drive Suite 6400 Chicago, Illinois 60606 Attention: Matt Lane Facsimile: (312) 258-8350 E-mail: mlane@monroecap.com | Class A-Common Unit | 113.36194 |
| Monroe Private Credit Fund A LP | c/o Monroe Capital LLC 311 South Wacker Drive Suite 6400 Chicago, Illinois 60606 Attention: Matt Lane Facsimile: (312) 258-8350 E-mail: mlane@monroecap.com | Class A-Common Unit | 944.68281 |
| MSF PEF THG LLC | 25701 Science Park Drive Cleveland, OH  44122 | Class A-Common Unit | 1944.62400 |
| PHL Variable Insurance Company | One American Row Hartford, CT  06102 | Class A-Common Unit | 2166.44314 |
| Phoenix Life Insurance Company | One American Row Hartford, CT  06102 | Class A-Common Unit | 3791.27578 |
| RSCF I Blocker True Health LLC | 630 Fifth Avenue, Suite 400 New York, NY  10111 | Class A-Common Unit | 36022.41418 |
| RSCF I-A Blocker True Health LLC | 630 Fifth Avenue, Suite 400 New York, NY  10111 | Class A-Common Unit | 9495.20799 |

| THG Holdings LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Number of Units Held** |
| Silver Point Select Opportunities Fund A, L.P. | c/o Silver Point Capital 2 Greenwich Plaza, 1ˢᵗ Floor Greenwich, CT 06830 Attn:  Credit Admin Email: CreditAdmin@silverpointcapital.com Ops-Administration@silverpointcapital.com | Class A-Common Unit | 248.67642 |
| Silver Point Specialty Credit Fund, L.P. | c/o Silver Point Capital 2 Greenwich Plaza, 1ˢᵗ Floor Greenwich, CT 06830 Attn:  Credit Admin Email: CreditAdmin@silverpointcapital.com Ops-Administration@silverpointcapital.com | Class A-Common Unit | 69.62940 |
| Specialty Credit Facility, LLC | c/o Silver Point Capital 2 Greenwich Plaza, 1ˢᵗ Floor Greenwich, CT 06830 Attn:  Credit Admin Email: CreditAdmin@silverpointcapital.com Ops-Administration@silverpointcapital.com | Class A-Common Unit | 510.61559 |
| Alba Durata, LLC | 2340 E. Trinity Mills Road, Suite 233 Carrollton, TX 75006-1900 | Class B - Common Unit | 122.43401 |
| Alexandra and Kyle Nettesheim as Joint Tenants with Right of Survivorship | 2720 Skyland Drive NE Atlanta, GA  30319 | Class B - Common Unit | 69.40989 |
| Ancelmo E. Lopes | On file with Epiq | Class B - Common Unit | 122.49533 |

| THG Holdings LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Number of Units Held** |
| Blake Whitaker | On file with Epiq | Class B - Common Unit | 34.63909 |
| Bruce A. Zivian | On file with Epiq | Class B - Common Unit | 14.28406 |
| Carol A. Nellis and Kevin M. Nellis as Joint Tenants with Right of Survivorship | 79 W. Belle Isle Road NE Atlanta, GA  30342 | Class B - Common Unit | 69.40989 |
| Christian W. Richards | On file with Epiq | Class B - Common Unit | 242.47366 |
| Christopher W. Kling, MD | 413 Black Wolf Run Wildwood, MO  63040 | Class B - Common Unit | 20.40572 |
| CLG Investments | 3662 Hickory Grove Lane Frisco, TX  75034 | Class B - Common Unit | 4003.34635 |
| Covert Investment Operations, LLC (Larry Rick Covert) | 6200 Bay Valley Court Flower Mound, TX  75022 | Class B - Common Unit | 2581.42034 |
| Daniel G. Grottenthaler and Anita Grottenthaler as Joint Tenants with Right of Survivorship | 812 Indian Wood Lane Myrtle Beach, SC  29588 | Class B - Common Unit | 53.08134 |
| Edward M. McCann | On file with Epiq | Class B - Common Unit | 30.60850 |
| Fernando De Leon | On file with Epiq | Class B - Common Unit | 69.98482 |
| Fernando De Leon | On file with Epiq | Class B - Common Unit | 209.94062 |
| FIO THG LLC | 1000 Lakeside Avenue Cleveland, OH  44114 | Class B - Common Unit | 38.65735 |
| Gary Smith | On file with Epiq | Class B - Common Unit | 138.55637 |

| THG Holdings LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Number of Units Held** |
| Jacob John Novak | On file with Epiq | Class B - Common Unit | 408.11349 |
| Karen A. Miller | On file with Epiq | Class B - Common Unit | 204.15888 |
| LCG Ventures II, LLC | 3500 Maple Avenue Suite 1600 Dallas, TX  75219 | Class B - Common Unit | 2040.56776 |
| LCG Ventures, LLC | 3500 Maple Avenue Suite 1600 Dallas, TX  75219 | Class B - Common Unit | 938.66115 |
| Mark T. Smith | On file with Epiq | Class B - Common Unit | 8.16222 |
| Matthew Gary Milburn | On file with Epiq | Class B - Common Unit | 40.83178 |
| MB PE V THG LLC | 1000 Lakeside Avenue Cleveland, OH  44114 | Class B - Common Unit | 43.64540 |
| Melinda LeeAnn Milburn | On file with Epiq | Class B - Common Unit | 40.83178 |
| Michael Clements | On file with Epiq | Class B - Common Unit | 40.83178 |
| Michael Osterhoff | On file with Epiq | Class B - Common Unit | 163.27612 |
| Michael Osterhoff | On file with Epiq | Class B - Common Unit | 112.57705 |
| MSF PEF THG LLC | 25701 Science Park Drive Cleveland, OH  44122 | Class B - Common Unit | 42.39838 |
| Patrick Young | On file with Company | Class B - Common Unit | 34.63909 |
| PHL Variable Insurance Company | One American Row Hartford, CT  06102 | Class B - Common Unit | 47.23461 |

| THG Holdings LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Number of Units Held** |
| Phoenix Life Insurance Company | One American Row Hartford, CT  06102 | Class B - Common Unit | 82.66056 |
| Richard Covert | On file with Epiq | Class B - Common Unit | 209.94062 |
| RJ Investments Co. | 205 Laurel Avenue Highland Park, IL  60035 | Class B - Common Unit | 122.48516 |
| Robert J. Osterhoff | On file with Epiq | Class B - Common Unit | 10.20278 |
| RSCF I Blocker True Health LLC | 630 Fifth Avenue, Suite 400 New York, NY  10111 | Class B - Common Unit | 785.38913 |
| RSCF I-A Blocker True Health LLC | 630 Fifth Avenue, Suite 400 New York, NY  10111 | Class B - Common Unit | 207.02202 |
| Ryan M Nellis | On file with Epiq | Class B - Common Unit | 40.83178 |
| Tim Hickey | On file with Epiq | Class B - Common Unit | 10.20278 |
| Tom D. Wippman Revocable Trust U/A/D 6/2/2010 | 332 Maple Avenue Highland Park, IL  60035 | Class B - Common Unit | 61.24766 |
| Tom D. Wippman Revocable Trust U/A/D 6/2/2010 | 332 Maple Avenue Highland Park, IL  60035 | Class B - Common Unit | 21.64251 |
| True Health Diagnostic Management, LLC | 3662 Hickory Grove Lane Frisco, TX  75034 | Class B - Common Unit | 5.765756 |

| True Health Group LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| THG Holdings LLC | 3803 Parkwood Blvd Suite 400 Frisco, TX 75034 | Common Membership | 100% |

| True Health Diagnostics LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| True Health Group LLC | 3803 Parkwood Blvd Suite 400 Frisco, TX 75034 | Common Membership | 100% |

| True Health Clinical LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| True Health Group LLC | 3803 Parkwood Blvd Suite 400 Frisco, TX 75034 | Common Membership | 100% |

| Health Core Financial LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| True Health Group LLC | 3803 Parkwood Blvd Suite 400 Frisco, TX 75034 | Common Membership | 100% |

| Outreach Management Solutions, LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| True Health Group LLC | 3803 Parkwood Blvd Suite 400 Frisco, TX 75034 | Common Membership | 100% |

| True Health IP LLC | | | |
|---|---|---|---|
| **Holder of Equity Securities** | **Address** | **Nature of Interests Held** | **Percentage Held** |
| True Health Group LLC | 3803 Parkwood Blvd Suite 400 Frisco, TX 75034 | Common Membership | 100% |

**Fill in this information to identify the case:**

Debtor Name:   THG Holdings LLC, et al.

United States Bankruptcy Court for the:   District of Delaware

Case Number (If known):   19-_____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US DEPT HEALTH & HUMAN SERVICES CENTERS FOR MEDICARE & MEDICAID 101 EAST PARK BLVD., SUITE 500 PLANO, TX 75074 | CONTACT: JOSHUA M. RUSS, ASSISTANT U.S. ATTORNEY, EASTERN DISTRICT OF TEXAS PHONE: 410-786-3000 JOSH.M.RUSS@USDOJ.GOV | INSURANCE/PAYOR | CONT, UNLIQ, DISPUTED | | | UNLIQUIDATED |
| 2 | US HEALTHTEK INC 5501 MERCHANTS VIEW SQUARE 744 HAYMARKET, VA 20169 | CONTACT: CRISTY REITER PHONE: 571-222-7909; 855-487-4822 CRISTY@USHEALTHTEK.COM | LAB SUPPLIES | CONT, UNLIQ, DISPUTED | | | UNLIQUIDATED |
| 3 | HOULIHAN LOKEY CAPITAL INC 10250 CONSTELLATION BLVD 5TH FL LOS ANGELES, CA 90067 | CONTACT: ANDREW TURNBULL PHONE: 310-553-8871 ATURNBULL@HL.COM | PROFESSIONAL & LEGAL FEES | CONTINGENT, DISPUTED | | | $2,000,366.89 |
| 4 | ROCHE DIAGNOSTICS CORPORATION PO BOX 71209 CHARLOTTE, NC 28272-1209 | CONTACT: DAN ZORTMAN PHONE: 646-461-5500 DAN.ZORTMAN@ROCHE.COM | LAB SUPPLIES | | | | $1,825,261.80 |
| 5 | PERKINS COIE LLP PO BOX 24643 SEATTLE, WA 98124 | CONTACT: ADAM MARCHUK PHONE: 206-359-8000 AMARCHUK@PERKINSCOIE.COM | PROFESSIONAL & LEGAL FEES | | | | $1,286,669.59 |
| 6 | CIGNA 900 COTTAGE GROVE RD HARTFORD, CT 06152 | CONTACT: JOHN BOGAN PHONE: 860-226-5551 MINA.BERGLAND@CIGNA.COM; JOHN.BOGAN@CIGNA.COM | LEGAL SETTLEMENT | | | | $1,130,952.40 |

Debtor: THG Holdings LLC, et al.                                    Case Number (if known): 19-_____01

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  DIAZYME<br>PO BOX 392165<br>PITTSBURGH, PA 15251-9165 | CONTACT: VINAY NAIK<br>PHONE: 858-455-4768<br>VINAY.NAIK@DIAZYME.COM | LAB SUPPLIES | | | | $1,115,666.55 |
| 8  BECKMAN COULTER<br>DEPT. CH10164<br>PALENTINE, IL 60055 | CONTACT: ALI SACKO<br>PHONE: 952-448-4848<br>AESACKO@BECKMAN.COM | LAB SUPPLIES | | | | $799,338.15 |
| 9  CITY OF RICHMOND<br>PO BOX 26505<br>RICHMOND, VA 23261-6505 | CONTACT: JOHN WACK<br>PHONE: 804-646-7000<br>JOHN.WACK@RICHMONDGOV.COM | ALL OTHER OPERATING EXPENSE | | | | $690,290.80 |
| 10  FEDEX<br>PO BOX 371461<br>PITTSBURGH, PA 15250-7461 | CONTACT: DEVIN BROWN<br>PHONE: 412-269-1000<br>DEVIN.BROWN@FEDEX.COM | SHIPPING | | | | $543,894.43 |
| 11  MINTZ LEVIN LLP<br>701 PENNSYLVANIA AVE N.W., STE 900<br>WASHINGTON, DC 20004 | CONTACT: HOPE FOSTER<br>PHONE: 202-434-7300<br>HSFOSTER@MINTZ.COM | PROFESSIONAL & LEGAL FEES | | | | $404,077.29 |
| 12  NUMARES AG<br>AM BIOPARK 9<br>93053 REGENSBURG<br>GERMANY | CONTACT: SEAN KEOHANE<br>PHONE: +49-941-28094900<br>SEAN.KEOHANE@NUMARES.COM | LAB SUPPLIES | | | | $380,997.75 |
| 13  KING AND SPALDING<br>PO BOX 116133<br>ATLANTA, GA 30368-6133 | CONTACT: PATRICK COLLINS<br>PHONE: 312 282 9609<br>PCOLLINS@KSLAW.COM | PROFESSIONAL & LEGAL FEES | | | | $349,671.77 |
| 14  PHADIA US INC<br>PO BOX 741760<br>ATLANTA, GA 30374-1760 | CONTACT: DEBORAH CAMPBELL<br>PHONE: 269-492-1940<br>DEBORAH.CAMPBELL@THERMOFISHER.COM | LAB SUPPLIES | | | | $298,305.51 |
| 15  NUMARES GROUP<br>198 TREMONT ST 301<br>BOSTON, MA 02116-4705 | CONTACT: SEAN KEOHANE<br>PHONE: 833-686-2737<br>SEAN.KEOHANE@NUMARES.COM | LAB SUPPLIES | | | | $270,352.42 |
| 16  PROSKAUER ROSE LLC<br>11 TIMES SQUARE<br>NEW YORK, NY 10036 | CONTACT: BENJAMIN RUBIN<br>PHONE: 212-969-3000<br>BRUBIN@PROSKAUER.COM | PROFESSIONAL & LEGAL FEES | | | | $228,227.47 |
| 17  MCKESSON MEDICAL-SURGICAL<br>PO BOX 660266<br>DALLAS, TX 75266-0266 | CONTACT: BRET STAPLES<br>PHONE: 800-453-5180<br>BRET.STAPLES@MCKESSON.COM | LAB SUPPLIES | | | | $212,011.22 |
| 18  ABBOTT LABORATORIES<br>PO BOX 92679<br>CHICAGO, IL 60675-2679 | CONTACT: JAMIE DOBSON<br>PHONE: 224-667-6100<br>JAMIE.DOBSON@ABBOTT.COM | LAB SUPPLIES | | | | $195,660.69 |
| 19  AMERICAN EXPRESS<br>PO BOX 650448<br>DALLAS, TX 75265 | CONTACT: MAUREEN GORDON<br>PHONE: 800-297-2977<br>MAUREEN.M.GORDON@AEXP.COM | ALL OTHER OPERATING EXPENSE | | | | $172,212.03 |

Debtor: THG Holdings LLC, et al.                    Case Number (if known) 19-_____01

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20   MCDERMOTT WILL & EMERY LLP PO BOX 6043 CHICAGO, IL  60680 | CONTACT: DAVID IVILL PHONE: 312-372-2000 DIVILL@MWE.COM | LEGAL | | | | $164,322.84 |
| 21   DELL FINANCIAL SERVICES LLC PO BOX  6549 CAROL STREAM, IL  60197 | CONTACT: RHONDA CHAFFIN PHONE: 877-663-3355 RHONDA.CHAFFIN@DELL.COM | IT EXPENSE | | | | $159,919.95 |
| 22   GRANT THORNTON 2001 MARKET ST STE 700 PHILADELPHIA, PA  19103 | CONTACT: KOSTA KOURAKIS PHONE: 215-561-4200 KOSTA.KOURAKIS@US.GT.COM | PROFESSIONAL & LEGAL FEES | | | | $155,076.00 |
| 23   DLA PIPER LLP PO BOX 75190 BALTIMORE, MD  21275 | CONTACT: DAMIR LIPOVAC PHONE: 410-580-3000 DAMIR.LIPOVAC@DLAPIPER.COM | PROFESSIONAL & LEGAL FEES | | | | $152,640.50 |
| 24   CONSILIO LLC 1828 L ST NW, STE 1070 WASHINGTON, DC  20036 | CONTACT: WHITNEY BABB PHONE: 202-822-6222 WHITNEY.BABB@CONSILIO.COM | PROFESSIONAL & LEGAL FEES | | | | $144,294.49 |
| 25   AB SCIEX LLC 62510 COLLECTIONS CENTER DR CHICAGO, IL  60693-0625 | CONTACT: CECILIA JOAQUIN PHONE: 877-740-2129 CECILIA.JOAQUIN@SCEIX.COM | LAB SUPPLIES | | | | $143,669.13 |
| 26   EPSTEIN BECKER GREEN PC 1227 25TH ST NW, STE 700 WASHINGTON, DC  20037 | CONTACT: LYNN SHAPIRO SNYDER PHONE: 202-861-1806 LSNYDER@EBGLAW.COM | PROFESSIONAL & LEGAL FEES | | | | $129,546.00 |
| 27   BDO USA LLP 300 ARBORETUM PL STE 520 RICHMOND, VA  23236 | CONTACT: JAY PAYNE PHONE: 804-330-3092 JPAYNE@BDO.COM | PROFESSIONAL & LEGAL FEES | | | | $123,916.01 |
| 28   RANDOX LABORATORIES 515 INDUSTRIAL BLVD KEARNEYSVILLE, WV  25430 | CONTACT: TIMOTHY LENZ PHONE: 304-728-2890 TIMOTHY.LENZ@RANDOX.COM | LAB SUPPLIES | | | | $109,393.13 |
| 29   SALES PERFORMANCE INTERNTATIONAL 6201 FARIVIEW RD STE 400 CHARLOTTE, NC  28210 | CONTACT: MARK HOOD PHONE: 704-227-6500 MHOOD@SPISALES.COM | PROFESSIONAL & LEGAL FEES | | | | $102,096.70 |
| 30   KIRKLAND & ELLIS LLP 300 N LASALLE CHICAGO, IL  60654 | CONTACT: DENNIS WILLIAMS PHONE: 212-390-4008 DENNIS.WILLIAMS@KIRKLAND.COM | PROFESSIONAL & LEGAL FEES | | | | $100,445.94 |

**TRUE HEALTH GROUP LLC**

**CONSENT OF THE SOLE MEMBER**
**and**

**AMENDMENT TO OPERATING AGREEMENT**

**JULY 29, 2019**

The Sole Member (the "Member") of True Health Group LLC, a Delaware limited liability company (the "Company"), pursuant to the Delaware Limited Liability Company Act (the "Act") and the Operating Agreement of the Company (the "Operating Agreement"), hereby adopts the following resolutions and agrees to amend the Operating Agreement as set forth herein:

**WHEREAS**, the Member has considered the information presented by the management and legal advisors and financial advisors of the Company, including Clifford A. Zucker in his capacity as chief restructuring officer (the "Chief Restructuring Officer"), regarding the financial condition of the Company, the strategic alternatives available and the impact of the foregoing on the Company's business;

**WHEREAS**, the Member has been briefed on the proposed voluntary bankruptcy petition to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the Company intends to operate its business and manage its property as a debtor-in-possession (the "Chapter 11 Case");

**WHEREAS**, management and legal advisors have informed the Member of the material terms of a proposed financing (the "DIP Term Sheet"), by and between Monroe Capital Management Advisors, LLC, as Administrative Agent, and the lenders party thereto (the "DIP Lender"), and the Company, as borrower, which DIP Term Sheet, contemplates a super-priority secured debtor-in-possession financing facility and agreement for use of cash collateral (together, the "DIP Facility");

**WHEREAS**, the DIP Facility is intended to, among other things, fund the Company's operations and restructuring related fees and expenses during its contemplated chapter 11 bankruptcy proceeding;

**WHEREAS**, the Member has had the opportunity to consult with the management and the legal advisors to the Company and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, pursuant to Section 18-302(f) of the Act, the Operating Agreement may be amended with the approval of the sole member;

WHEREAS, the sole member of the Company wishes to amend the Operating Agreement as described herein;

Chapter 11 Filing

**NOW THEREFORE, IT IS RESOLVED**, that the Company file a petition in the Bankruptcy Court seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor- in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that the Chief Restructuring Officer is hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify the petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as the Chief Restructuring Officer executing the same shall determine it to be in the best interests of the Company; and it is further

**RESOLVED**, that the Chief Restructuring Officer is hereby authorized, empowered and directed, on behalf of the Company, to execute the consents of the sole member for True Health Clinical LLC, True Health Diagnostics LLC, True Health IP LLC, Outreach Management Solutions LLC and Health Core Financial LLC at such time as the Chief Restructuring Officer executing the same shall determine it to be in the best interests of the Company; and it is further

**RESOLVED**, that the Chief Restructuring Officer is hereby authorized, empowered and directed in the name and on behalf of the Company, to execute and file or cause to be executed and filed (or to direct others to do so on his behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action which the Chief Restructuring Officer deems necessary or appropriate in connection with the Chapter 11 Case contemplated hereby, with a view to the successful prosecution of such case; and it is further

Retention of Advisors

**RESOLVED**, that the retention of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), to provide the Company with legal services, as bankruptcy counsel, on the terms set forth in an appropriate engagement letter with the Company satisfactory to the Chief Restructuring Officer, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, the Chief Restructuring Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Morris Nichols; and it is further

**RESOLVED**, that the retention of Perkins Coie LLP ("Perkins"), to provide the Company with legal services, as special counsel, on the terms set forth in an appropriate engagement letter with the Company satisfactory to the Chief Restructuring Officer, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, the Chief Restructuring Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Perkins; and it is further

**RESOLVED**, that the retention of SSG Capital Advisors, LLC ("SSG"), to provide the Company with investment banking services on the terms set forth in an appropriate engagement letter with the Company satisfactory to the Chief Restructuring Officer with the Company, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, the Chief Restructuring Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of SSG; and it is further

**RESOLVED**, that the retention of Epiq Corporate Restructuring, LLC ("Epiq"), to serve as the Company's claims, noticing and solicitation agent in the Chapter 11 Case on the terms set forth in an appropriate engagement agreement with the Company satisfactory to the Chief Restructuring Officer, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, the Chief Restructuring Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed appropriate application(s) for authority to retain the services of Epiq; and it is further

**RESOLVED**, that the Chief Restructuring Officer is hereby authorized, empowered and directed, on behalf of, and in the name of the Company, to retain any other legal counsel, accountants, financial advisors or other professionals and a claims and noticing agent, each as the chief Restructuring Officer may deem appropriate during the course of the Chapter 11 Case; and it is further

DIP Financing / Cash Collateral

**RESOLVED**, that in connection with the Chapter 11 Case by the Company, the Chief Restructuring Officer be, and hereby is, authorized, directed and empowered in the name of and on behalf of the Company, as debtor and debtor-in-possession, to negotiate, execute and deliver (i) final documentation of the DIP Term Sheet and in connection therewith, such agreements, certificates, instruments, collateral documents, mortgages, guarantees, notices and any and all other documents that the Chief Restructuring Officer may deem necessary or appropriate to facilitate the execution or delivery of the DIP Facility and the pledge of collateral in connection therewith, the signature of the Chief

Restructuring Officer to be deemed conclusive evidence of such determination, and (ii) such other agreements for secured super-priority debtor in possession loan facilities and/or agreements for the use of cash collateral that the Chief Restructuring Officer may deem appropriate for and in the best interests of the Company, each on terms that the Chief Restructuring Officer may deem necessary or appropriate for the consummation of the transactions contemplated thereby, the signature of the Chief Restructuring Officer to be deemed conclusive evidence of such determination; and it is further

Fees and Expenses

**RESOLVED**, that the Chief Restructuring Officer be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in his judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Member; and it is further

General

**RESOLVED**, that the Chief Restructuring Officer of the Company be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, certificates, undertakings, instruments and any and all other documents and amendments as in his judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that the Chief Restructuring Officer be, and hereby is, authorized, empowered and directed, on behalf of and for and in the name of the Company, to amend, supplement or otherwise modify from time to time the terms of any agreements, undertakings, documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and it is further

**RESOLVED**, that any and all actions heretofore taken by any member of the Member or the Chief Restructuring Officer consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed and adopted in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Member for its prior approval; and it is further

Operating Agreement Amendment

**RESOLVED**, that the Company's Operating Agreement is hereby amended pursuant to this Consent of the Sole Member and Amendment to Operating Agreement to add as a new Section 8.8, the following:

"Section 8.8    Member's Bankruptcy.  The Member shall not cease to be the Member solely as a result of the occurrence of any of the following, and upon the occurrence of any such event, the business of the Company shall continue without dissolution:

    (a) the Member makes an assignment for the benefit of creditors;

    (b) the Member files a voluntary petition in bankruptcy;

    (c) the Member is adjudged bankrupt or insolvent, or has entered against it an order of relief, in any bankruptcy or insolvency proceeding;

    (d) the Member files a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any statute, law or regulation;

    (e) the Member files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against it in any proceeding of this nature;

    (f) the Member seeks, consents to or acquiesces in the appointment of a trustee, receiver or liquidator of the Member or of all or any substantial part of its properties;

    (g) any proceeding against the Member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any statute, law or regulation is not dismissed; or

    (h) appointment of a trustee, receiver or liquidator of the Member.

Except as amended pursuant to this Consent of the Sole Member, the Agreement is hereby ratified and confirmed in all respects.

The undersigned hereby certifies that he is the authorized representative of the Member, all in accordance with the Company's Operating Agreement and applicable provisions of the Delaware Limited Liability Company Act.

IN WITNESS WHEREOF, this 29th day of July, 2019.

**THG Holdings, LLC**

By: _/s/ Clifford A. Zucker_
       Clifford A. Zucker
       Chief Restructuring Officer

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td colspan="2">Debtor Name <u>THG Holdings LLC, et al.</u></td></tr>
<tr><td>United States Bankruptcy Court for the: _____ District of<br><u>Delaware</u>____ Case number (If known): _____</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration <u>Corporate Ownership Statement, Creditor Matrix, List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>07/30/2019</u>          ✗   /s/  Clifford A. Zucker
MM / DD / YYYY                          _____
                                        Signature of individual signing on behalf of debtor

                                        Clifford A. Zucker
                                        _____
                                        Printed name

                                        Chief Restructuring Officer
                                        _____
                                        Position or relationship to debtor